1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GILROY E. JOHNSON,                         No. 2:18-cv-1969 JAM DB P

12                  Plaintiff,

13         v.                                   ORDER

14   LEE KELLEY,

15                  Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under

18   42 U.S.C. § 1983.  Plaintiff alleges defendant was deliberately indifferent to his serious medical

19   need in violation of the Eighth Amendment.  Before the court is plaintiff's motion to compel.  For

20   the reasons set forth below, this court will grant the motion in part.

21                                      **BACKGROUND**

22         This case is proceeding on plaintiff's original complaint, filed here on July 13, 2018.

23   (ECF No. 1.)  Plaintiff alleges that when he was incarcerated at California State Prison,

24   Sacramento in 2017, he was seen by defendant, a nurse there, for severe shoulder pain.

25   Defendant refused to refer plaintiff to a doctor or otherwise treat his pain.  As a result, plaintiff

26   suffered shoulder pain for several months until he was transferred to Kern Valley State Prison.  At

27   Kern Valley, he was diagnosed by a doctor with impingement syndrome.

28   ////

On screening, this court found plaintiff stated a potentially cognizable Eighth Amendment claim against defendant.  (ECF No. 8.)  On January 29, 2019, defendant answered the complaint. (ECF No. 17.)  After a settlement conference did not resolve this action, the court issued a discovery and scheduling order on April 11, 2019.  (ECF No. 27.)  Among other things, the order set a deadline of August 9, 2019 for all discovery, including motions to compel discovery.

In a document dated August 11 and filed here on August 19, plaintiff moves to compel defendant to respond to plaintiff's request for production of documents.  (ECF No. 33.) Defendant opposes the motion.  (ECF No. 34.)

**MOTION TO COMPEL**

**I.      Legal Standard**s

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action.  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things, and entry upon designated land or other property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

////

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

## II.     Plaintiff's Request for Documents and Defendant's Response

Plaintiff moves defendant to produce "all documents pertaining to health and safety code, nurs[]ing practice act, nurs[]ing regulations, and specifically California Corrections Healthcare policies that authorize for CDCR employees, specifically registered nurses to prescribe non-KOP[1] medication(s) to prisoner patients." (ECF No. 33.) Defendant argues that plaintiff's motion seeks documents that were not included in his request for production of documents and that they are, in any event, available to plaintiff through legal research. (ECF No. 34.)

Plaintiff's original document production request was sent to defendant on May 8, 2019. (See ECF No. 34 at 6-10.) Plaintiff stated that he sought documents "filed on or after 04/5/2019 to 05/2/2019." (Id. at 7.) He listed just one request: "Request #1. Identify and attach a copy of

---

[1] This court's google search shows that "KOP" stands for "keep-on-person."

3

any and all documents related to prison medical center staff training, education, and procedure." (Id. at 14.) On June 21, defendant responded to the request by asserting multiple objections, including that the request was ambiguous. Defendant then stated that she assumed plaintiff sought "records of training and education provided to <u>Defendant</u> by the California Department of Corrections and Rehabilitation within the time period specified by Plaintiff within the terms of his request ('documents filed on or after 04/05/2019 to 05/2/2019')." (Id. (emphasis in original).) Defendant stated that she had no documents responsive to that request. (Id. at 14-15.) Defendant also referred plaintiff to the "publicly available California Health Care Services, Inmate Health Care Policies and Procedures, which are equally available to Plaintiff." (Id. at 15.)

Subsequently, plaintiff sent a letter dated June 27 to the California Attorney General, which he also filed in this case. (See ECF No. 31.) In that letter, plaintiff seems to explain why he had included a time limitation of April 6 to May 2. Plaintiff appears to regard that time limitation as a separate matter from his document production request. Plaintiff then explains that he seeks the production of all records pertaining to defendant's "training, education, and disciplinary history." There is no indication that defendant responded to this letter.

### III. Analysis

Plaintiff seeks different information in his May request to defendant, his June letter to defendant's counsel, and his motion to compel. This court focuses on plaintiff's May document production request because his motion to compel must relate to that request. In his May request, plaintiff sought "documents related to prison medical center staff training, education, and procedure." This is an overly broad request that defendant, sensibly, interpreted as one seeking documents regarding defendant's training. However, defendant's limitation in her response to the April and May 2019 time-period was not sensible. The court accepts that plaintiff mentioned that time limitation in the instructions preceding his document request. However, as defendant is obviously aware, that time period bears no relevance to plaintiff's complaint regarding defendant's conduct in May and August 2017.

////

////

After defendant responded to plaintiff's request, plaintiff attempted to explain in his June letter that he was seeking all documents relating to defendant's training, education, and disciplinary history. Defendant did not respond to that explanation.

Plaintiff is a pro per party. His filings here have been somewhat difficult to discern. While the court sympathizes with defendant's attempts to interpret what plaintiff is seeking, the court also recognizes that the purpose of discovery is to permit the party's to obtain evidence relevant to the case. This court will require defendant to respond to plaintiff's request for documents regarding defendant's training and education.[2] This court will limit that request to the time period preceding May 2017, when defendant first examined plaintiff. That evidence could prove relevant to plaintiff's claim that defendant was deliberately indifferent when she examined him for shoulder pain in 2017. If defendant's response includes reference to publicly-available documents, defendant shall either provide a copy of those documents or specifically identify those documents and explain just how plaintiff may obtain access to them.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows

1. Plaintiff's motion to compel (ECF No. 33) is granted in part.

2. Within twenty days of the date of this order, defendant shall provide plaintiff with a response to plaintiff's request for production of document, as described above.

3. If plaintiff is dissatisfied with defendant's response, plaintiff may file a motion to compel within twenty days of the date he receives that response.

4. The discovery deadline set out in the court's April 11 Discovery and Scheduling Order is continued for the sole purpose of the discovery described above in paragraphs 2 and

////

////

////

////

---

[2] Because plaintiff's May discovery request did not seek disciplinary records or prison regulations regarding the authority of nurses to provide prisoners with non-KOP medications, this court will not require defendant to respond to a request for those documents.

3.  The deadline for filing pretrial motions, except motions to compel discovery, is continued to January 10, 2020.

Dated:  September 17, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/john1969.mtc or